Case number 319-0771 John Provenzano as special representative of the state of Myralene Provenzano deceased appellant versus Crystal Broyles and Kathleen Provenzano at police. Good morning your honors counsel Tracy Robb for plaintiff appellant. I think the first order of business before the court is to define the scope of the issues that are on appeal before the court. Those issues are only the issues that were set forth in plaintiff's notice of appeal, which are addressed to the trial court's ruling on defendant's motions to dismiss directed to plaintiff's fourth amended complaint. I think this is important to address at the outset as defendant's brief adds additional issues for review issues that were not included in plaintiff's notice of appeal and argues in its brief in their brief issues that were previously decided on legal theories that the plaintiff abandoned. So with that said I'd like to say that the motion for summary judgment which was addressed to plaintiff's original complaint is not at issue. That original complaint set forth a premises liability theory of recovery. Defendant's motion for summary judgment relied on de minimis defense. The trial court ruled in favor of the defendant, but allowed the plaintiff to replete, which we have done. Therefore, we repled the issues in the claims in the fourth amended complaint, which are predicated on the first count is predicated on section three 57 of the restatement. And the second count is voluntary undertaking section three 23 of the restatement. Neither of those claims would be defeated by a de minimis argument as neither are premises liability claims. So I want to clarify that de minimis, while the appellee is free to excluded from doing so, the defense of de minimis is misapplied as to the claims in plaintiff's fourth amended complaint. With that said, moving on to the substantive issues, uh, as to count one, the trial court, uh, the defendant filed a hybrid motion 2619.1, 2615 and 2619 motions addressed to count one. The trial court only ruled with respect to the 2619 motion thereby, uh, making his, his, uh, position clear that he, uh, was not going to address 2615 with that said the, uh, um, the 2619 motion is similar to, as we know, to a summary judgment motion and it, uh, admits the legal sufficiency of the claim, but asserts some affirmative matter that defeats the claim, uh, defendants response to in or argument and its motion to dismiss count one alleged. There was no contract upon which the tort duty could set forth in section three 57 of the restatement would apply. However, by, by pleading six one nine, the defendant, as I already said, admits the facts in the, in the case in the claim, and they must be taken as true. If the defendant supplies a defense that negates those facts, the motion must necessarily fail. So, uh, with that said, arguing that there is no, uh, uh, contract upon which the tort duty could be based, uh, must fail because it negates the essential allegations in plaintiff's complaint, additionally, defendants argument is erroneous in that section three 57 does not require a written contract nowhere in the restatement or the cases interpreting the restatement. Does it require a written agreement? Secondly, the contract need not, this is a quote from section three 57. The contract need not be a covenant or other term of the lease. And it is sufficient if it is made by the lessor after possession is transferred. Now, here we have facts that demonstrate that the covenant was made at the time the agreement was made based upon the defendant Crystal Provenzano's own testimony. So that is, that's kind of irrelevant. Third, uh, the, uh, defendant challenged count one based upon the fact that plaintiff did not plead a breach of contract claim again, three section three 57 is a tort duty based upon a contract. A plaintiff need thereby plaintiff need not plead a breach of contract claim because it isn't a breach of contract claim. It's a tort duty predicated on the relationship to the parties in the contract, um, and, and therefore plaintiff need not need not plead that if defendant wants to pursue an affirmative defense of there is no contract, uh, again, is violative of the boundaries set forth by, uh, group, uh, section two, six, one nine of the, of the code, um, with respect to this, uh, first claim, there is a, uh, a duty assumed by the, I'm going to call them lessor and lessee for purposes of this argument, uh, between the parties, uh, that the, that the lessor agrees to make repairs to the, uh, leasehold or demised premises house, whatever you want to call it, uh, upon request, uh, three 57 section three 57 specifically contemplates this in comment D a contract to keep the premises in safe conditions of subjects, the lessor to liability only if he does not exercise reasonable care after he has had notice of the need of repairs. Here we have testimony from the defendant saying that the, the tenant advised her of the hazardous condition on the premises, she agreed that repairs needed to be remade, needed to be made, however, she delayed making them because it was winter and the weather was poor and she was waiting for the weather to warm up. That is her testimony in, in the, uh, in her deposition transcript. So the question really is a question of fact as to whether her delay in making the repair was reasonable. Um, and I think that three 57 illustration one is on all fours with the case at bar, if you don't mind, uh, I would like to, to, to read that, uh, a lease is an apartment to be in contracts to keep the apartment in good internal repair upon notice from B B notifies a, that the ceiling in one of the rooms is in need of repairs. The condition does not appear to be such as to threaten an immediate fall of the ceiling. While B his wife and a guest are eating dinner in the room, the ceiling falls and injures all of them. A is subject to liability to be his wife and the guest, but only if the ceiling falls after his time following notice from B to make the repairs, if he exercises reasonable diligence and care. I believe that is exactly what the situation that we have in this case. Uh, the defendant was notified of the hazardous condition on the premises. Uh, she delayed making the repairs because of, uh, weather concerns it was winter time. This incident occurred on March 17th. Uh, the question then becomes, was it reasonable? Was that amount of delay reasonable under the circumstances, uh, that existing, and that is a jury question. It is not a question that can be determined by a six one nine motion. Um, the, uh, defendant and the trial court, uh, delved into the issue of consideration between the parties, which again goes to the existence of the agreement, whatever you want to call it. Uh, which again, cannot be addressed by way of a six one nine motion. It may be addressed by way of an affirmative defense, but not a six one nine motion. Who are the parties? So the parties are the plaintiff is, uh, an elderly. I'm sorry. I don't mean the parties to the case. Oh, I mean the parties to the agreement. Uh, they're the same parties to the case, the parties. So it would be the plaintiff, uh, plaintiff's decedent Marlene and defendant, uh, Crystal Provenzano, uh, made the original agreement, uh, approximately 10 years prior to the incident. Okay. Does it matter? I'm sorry. Can I just follow up for a second bill? Does it matter that the complaint was made by Irene, who was a late comer to this agreement, um, residents and not a party to the agreement? Um, so I think Irene, in addition to Marlene made, made the complaint to Crystal. So my, my recollection is Crystal testified that Marlene told her that the, uh, the board was raised. Um, and I think Irene also said the same thing to, I think, uh, Crystal and another member of the family. Um, but to answer your question, if, if I, I, I don't, I don't think it makes a difference because, um, because the defendant was on notice, regardless of how they receive, she received a notice. She was on notice and that triggered her duty of repair as to the agreement between she and Marlene. So, uh, no, I, to answer your question, I don't think it matters. If Irene was the only person that made the notification to the defendants. What, what is the name of that person? Uh, the other person. Oh, is that Marlene or Arlene? Marlene with an M Marlene. Yeah. I thought you were saying Arlene. I think it's a zoom issue. Oh, yes. Um, Marlene is, is the resident in the property. Am I correct? Yes, sir. Okay. So the simple answer, who are the parties to the contract? Marlene and Crystal, the plaintiff's decedent and one of the name defendants. And who's the decedent? Marlene. Marlene was an elderly woman. Marlene was saying that she has a status of, of, of, uh, of being one of the contracting parties. Yes. And how is that? So she's the tenant of the residence, which is, uh, owned by Crystal. So she actually, she's deceased as a result of this occurrence on the property. So is, is, so who's bringing this action? Uh, the, uh, her son, John Provenzano is bringing this action, uh, as representative of her state. Okay. As representative of the state against his daughter, Crystal. Correct. Okay. Yes. Unfortunately that complicates the matter because everybody is related, but that shouldn't matter in terms of who has a duty to who under the law to whom, to whom you're correct. Thank you for correcting me. Um, okay. Any additional questions on the parties? No, thank you. All right. Um, so I was getting into the trial, the defendant's assertion that there is no consideration for this agreement and the trial court's entertainment of that argument, um, as was set forth in the brief, and I don't need to belabor the point here, uh, number one, as I said twice already, the contract, uh, or the existence or non-existence of the contract, uh, is, is right for a, uh, affirmative defense, but it's irrelevant in terms of the six considering the six 19 motion that said, uh, consideration is, is not for the sufficiency of the consideration is not for the court to determine it's to, it's for the parties at the time of the making of the agreement, um, and this agreement had been in effect for the 10 years during, uh, Marlene's residency. Um, so, uh, I, I think that's kind of a red herring. Uh, I'd like to get to the final count of the complaint, which is the voluntary undertaking, uh, count, which was addressed by a section two six one five motion, uh, which for failure to state a claim that motion presents a question of whether the facts alleged viewed in the light, most favorable taking all well pleaded facts and reasonable inferences are sufficient to state a cause of action in ruling on such emotion, the trial court considers only those facts apparent from the face of the pleadings matters subject to judicial notice and judicial admissions in the record here, we have a circumstance where the trial court and ruling on a two six one five motion exceeded the parameters set forth by a two six one five and specifically stated that he was taking into account all of the pleadings, all of the depositions, all of the hearings and all of the information that he had gathered, uh, from, from, uh, from the hearings before him, I think I have a red light, so I'll stop with that. All right. Thank you. Ms. Rob. Thank you, Mr. Fleming. Thank you. And good morning, justices, uh, all three and a council, uh, may it please the of this, uh, summary judgment and de minimis and the facts as this court well knows the Eppley different than the appellant, the Eppley may raise any issue in support of the judgment that is supported by the record. This, uh, case and this record does come before your honors, um, full of facts and with a summary judgment presented to the court and evidence presented to the court. Now, um, uh, plaintiffs, I should say a pal Lance argument is that, um, somehow there are two new counts, which is a fourth amended complaint. The judge allowed after the summary judgment, the judge essentially, and this court has the record granted summary judgment, but said, let me see if you can try to plead some other, uh, some other theories. Um, but the court, uh, this court can consider the de minimis issues and can consider the, uh, the summary judgment. We've cited two cases to this court, which I think this court already knows. Um, you look at the judgment as the adjudication, the adjudication at the trial court was in favor of the two defendants and this court can consider the, um, uh, judgment in favor of the defendants as supported by whatever's in the record. And it's clear your honors. And I think council knows this full well, it is undisputed. This is a one inch or less elevation, raise elevation, discrepancy in a walkway in an outdoor area, fully covered by the de minimis rule. And that provides support for the judgment in favor of the defendants. There is, um, um, no questions about the de minimis rule just off the, uh, does the de minimis rule have any, can you take into consideration that the de minimis rule, uh, in the background of the injured party, meaning, can you consider other factors judge? Yeah. Yeah. For example, handicapped nature, elderly nature. Certainly. Um, and that, that can be one of the factors as a matter of fact, um, I don't know that we included this in our brief. I made, I made a little note to myself. I can't see that, but I, uh, I, uh, this was raised at one of the arguments. And, um, there is a case Gillock versus city of Springfield, two, six, eight, he'll have third, four or five, five. It's not in the briefs because it wasn't raised by the plaintiff, but that, um, of a walkway by, um, an, an elderly person is not one of the aggravating factors. So yes, yes, your honor, uh, aggravating factors can be considered if they're pled and if they're part of the record. Uh, we all know Marlene was obviously grandmother to my client. Um, um, but use the walkway daily. And everybody said she was a healthy, healthy person could move around better than, uh, um, maybe all the rest of us, but that is not, uh, a factor in this case, judge. It's just a three quarter inch raise elevation, raise on a wood walkway and a wood walkway. This, um, Marlene used daily. Uh, daily, I had it in her backyard and stared at it, walked and used it daily every day. Um, so your honor is plural. That is an additional ground for a judgment in favor of the defendants. Let me address, um, these pleading issues, um, which are obviously part of the briefs and are obviously part of the, um, the claims by the appellate in this clay, this case. I want to do voluntary undertaking. Uh, uh, first there is, um, voluntary undertaking is narrowly construed doctrine by the courts. Uh, only applies in very narrow circumstances in two circumstances. In particular one, if the, um, alleged defendant let's, uh, crystal, my client has increased the danger, increased the risk that is not alleged here, that is not part of this case. Or two, if it is a situation where. The injured person did something different in reliance, reliance being the word, and we don't have that here. Um, the courts go further. The Burgoyne versus match of case cited in the briefs, um, pretty comprehensive discussion of this issue says reliance cannot be claimed by the injured person if they are in a position to be equally capable. Of determining the actual facts. And, um, clearly that is Marlene provenzano Marlene lives there every day, walks on it every day. She's equally capable of seeing and walking or not walking on this wood walkway in the back of her yard. That's her residence for 10, 10 years. We know that's, that's throughout the record. Let me address the other count. This count one, um, alleged breach of contract to fix or repair. Pleadings wise, of course we challenged this under two, six, one, five. And under two, six, one, nine pleadings wise under two, six, one, five. It is clear. And the court ruled this, there is no, the elements, the fundamental elements of an agreement of a contract are not pled, not pled in count one. If count one fails under the pleadings, because the elements of a contract term of the contract consideration paid terms of the, uh, uh, agreement or leasehold, even if you have the whole house. You have the house in the backyard, you have the whole thing are not, are not pled and this is, um, this is a fundamental, uh, um, um, infirmity of, of count one, the, um, let me add this. Count one is attempted to be pled under the section three, five, seven of the restatement. So we added the, um, two, six, one, nine challenge to that count, uh, because of this, so three, three 57 says, says this, and I, um, I will quote, um, it's in a comment to three, five, seven. Um, it's in the brief, um, quote, likewise, the rule, this is three, five, this rule has no application where there is no contractual obligation, but merely a gratuitous promise to repair after the lessee has entered into possession and, and isn't that in fact, what we have here, the, um, it is a gratuitous at best, a gratuitous statement from granddaughter actually and John Provenzano too. It's it's, it's, it's intra family, John Provenzano and crystal Provenzano at best said, okay. Okay. Grandma. Okay. Marlene. We'll get to that. A gratuitous promise made after she's already in the, um, uh, residence in the property. And that is not sufficient to support cause of action under section, uh, three, your honors. We, um, uh, the last point I want to make probably the reason why we're here for oral argument is in their reply brief, uh, the appellant, the plaintiff in this case tried to make this argument, which is not supported by the record. They tried to say, well, hold on. Uh, we've got two new counts, count one, three, five, seven count and count two voluntary undertaking. And so, um, de minimis doesn't apply. But, but, but folks, your honors, that's wrong. Their count one and count two are tort claims. Uh, one is attempted to be a tort claim under creating a duty under three, five, seven section three, five, seven account. Two is an attempt to create a tort duty under voluntary undertaking. And even if, even if a duty is there's a general duty, there is a potential duty, like a landowner has a duty to keep the promises premises in reasonable repair, that duty is, is overcome. That duty is barred by the de minimis rule because it's a tort duty. Uh, so therefore your honors, um, uh, and counsel, thank you for your audience today to hear these arguments. And we pray that this court affirms the judgment in favor of the defendants. Thank you. Questions. My judges. I thank you, Mr. Fleming. This is Rob. Yes, sir. I, uh, I would like to respond to just a few things that, uh, counsel counsel addressed. Number one, it goes to, uh, my initial comments when I opened, which was the review of motions, uh, that are broad pursuant to 6 1 5 or 6 1 9. Uh, it is clear that those rules have been interpreted time and time again to focus the trial court's attention, uh, uh, based upon those rules. If, if counsel is correct, that appellees may bring new defenses on appeal that they did not argue in the trial court and to that end, uh, defendants can allege that de minimis applies to defeat a, a tort claim under section three 57, uh, or it, it applies to, uh, a voluntary undertaking. Uh, I personally can't see how that works, but that's their position and, and, and they're entitled to it. That said, this appeal does not reopen or relitigate the motion for summary judgment. It is clear that we had a premises liability cause of action in the original complaint to which a de minimis defense is appropriate. That was abandoned. As the brief says, uh, abandoned, uh, theories of liability, uh, ceased to be part of the record for most purposes that said, uh, you can use in considering the six one nine motion, not the six one five motion, but it doesn't, uh, authorize this court without a cross appeal opening, uh, uh, across notice of appeal from the defendants challenging the trial court's ruling on the motion for summary judgment, uh, motion for summary judgment was like I said, addressed to a premises, a traditional premises liability cause of action. We don't have that. And that was not what was before the trial court. Now the trial court exceeded its authority in several ways. You have to accept on a six one nine motion, the facts well pled in the complaint is true. You cannot go behind those facts. And to go behind those facts is to address whether or not there was a valid contract that is, that is outside the scope of a six one nine review. Six one five is limited to the facts on the face of the complaint. He, the trial court specifically said he was exceeding those boundaries. The Supreme court has said over and over, you know, rules are to be followed. They are not, uh, and it, I don't know. We've got a clerk trying to come in on us. He's not following our time. Just hit decline. It declined. I did too. I think maybe Mary didn't. Now we are okay. No, that's okay. Uh, so moving on to the voluntary undertaking, I would just like to, uh, address, um, the, the cases that defendants cited, um, and those cases actually support the plaintiff's point of view here, the Borgonia case. I think that's the way you say it. Um, said there was ample reliance and went on to reverse the trial courts grant of a summary judgment and allow the case to go to the, to the court to determine, you know, whether the reliance was reasonable or not. Uh, we have reliance here and we have a pattern of 10 years of, of. You know, repairs being made upon request based upon the initial agreement between the parties at the beginning, uh, of the tenancy, uh, the NW case also, uh, supports the plaintiff's point of view here. Um, you know, I, I, I, I believe that there was definitely a voluntary undertaking on behalf of the defendants. Uh, and one of the points raised in both the Borgonia case and the NW case is that the plaintiffs were not in a position to remedy the situation themselves. And, um, my time is up. Thank you very much. Thank you, Ms. Robyn. Again, we're sorry for the interruption. No worries. Thank you. And, uh, thank you both for your, uh, your argument today. The ruling is the matter under advisement. The plaintiff has a written decision.